FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 20 2007

JAMES N. HATTEN, Clerk
By: Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| PEDRO H. WEBSTER,<br>Plaintiff, | :: <br> :: | CIVIL ACTION NO.<br>1:07-CV-0499-JEC |
| v. | :: <br> :: <br> :: | |
| DEKALB COUNTY JAIL, et al.,<br>Defendants. | :: <br> :: | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |

## ORDER AND OPINION

Plaintiff, currently confined at the DeKalb County Jail[1] in Decatur, Georgia, has submitted the instant pro se civil rights action. [Doc. 1.] For the purpose of dismissal only, leave to proceed in forma pauperis is hereby **GRANTED**. [See Doc. 2.] The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination.

### I. 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is

---

[1] Although Plaintiff's civil cover sheet shows a private address, personnel at the DeKalb County Jail have informed the Court that Plaintiff remains incarcerated there.

frivolous when it "has little or no chance of success," i.e., when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989). "[C]onclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (reviewing the dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983

AO 72A
(Rev.8/82)

complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

## II. Plaintiff's allegations

In the instant complaint, which Plaintiff signed and submitted on February 22, 2007, he claims that, since his arrival at the DeKalb County Jail on January 20, 2007, he has received a non-heart-healthy diet that contains peanut butter, despite his chronic care physician's instructions that the peanut butter "would clog [his] digestive tract" due to his recent colon surgery. [Doc. 1 ¶ IV.] However, in a submission signed and submitted on February 23, 2007, Plaintiff acknowledges that he is "presently content" with the vegetarian diet he now receives. [Doc. 3 at 1.] Plaintiff also states that he asked to be moved to the medical floor from his current location "due to inmate behavior of stress to [his] medical condition and harassment over a telephone." [Doc. 1 ¶ IV.] According to Plaintiff, he has grievances pending on these matters at the Administrative Remedy Office of the DeKalb County Jail. [Id. ¶¶ II, IV.]

3

AO 72A
(Rev.8/82)

## III. Discussion

### A. Exhaustion of administrative remedies

"[N]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This "exhaustion requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.' This provision entirely eliminates judicial discretion and instead mandates strict exhaustion, 'irrespective of the forms of relief sought and offered through administrative avenues.'" Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005) (citation omitted) (quoting Porter v. Nussle, 534 U.S. 516, 532 (2002), and Booth v. Churner, 532 U.S. 731, 741 n.6 (2001)). Furthermore, there is no futility exception to this exhaustion requirement. See Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998) (stating that "the judicially recognized futility and inadequacy exceptions do not survive the new mandatory exhaustion requirement" of the Prison Litigation Reform Act of 1995 (PLRA), and "there is no longer discretion to waive the exhaustion requirement").

4

The Supreme Court recently ruled "that failure to exhaust [administrative remedies] is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, _ U.S. _, _, 127 S. Ct. 910, 914, 921 (2007) (invalidating a rule "requir[ing] a prisoner to allege and demonstrate exhaustion in his complaint," one of "several procedural rules" that the Sixth Circuit and other courts had superimposed upon the general pleading requirements set forth in the Federal Rules of Civil Procedure). Nevertheless, in so ruling, the Supreme Court approved the practice of dismissing a prisoner complaint pursuant to 28 U.S.C. § 1915A "for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief" on the basis of an affirmative defense, such as the statute of limitations. Id., _ U.S. at _, 127 S. Ct. at 920-21. It is apparent from Plaintiff's complaint that he has not exhausted his administrative remedies with respect to the allegations set forth herein. Accordingly, his complaint is due to be dismissed for failure to exhaust his administrative remedies, as the PLRA requires, without exception, in prisoner suits concerning the conditions of confinement.

5

**B.     Conditions of confinement**

For there to be a violation of the Eighth Amendment constituting cruel and unusual punishment, "[f]irst, there must be, objectively speaking, conduct by public officials sufficiently serious to constitute a cruel or unusual deprivation—one denying the minimal civilized measure of life's necessities. Second, there must be a subjective intent by the public officials involved to use the sufficiently serious deprivation in order to punish." Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000) (citations and internal quotations omitted). "Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society," however, "extreme deprivations are required to make out a conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (internal quotations omitted). See also Wilson v. Seiter, 501 U.S. 294, 298 (1991) (noting that "[t]he Constitution . . . does not mandate comfortable prisons") (internal quotations omitted). Nevertheless, in order to prevail on an Eighth Amendment challenge to his conditions of confinement, a prisoner "need not await a tragic event before seeking relief, [but] he must at the very least show that a condition of his confinement poses an unreasonable risk of serious damage to his future health or safety." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (citation and internal quotations omitted).

6

Because Plaintiff acknowledges that his diet is now adequate to his medical needs, his entire complaint appears to hinge on the stress he allegedly experienced in a dispute with his fellow inmates over the use of a telephone and, otherwise, from unspecified inmate "harassment." The Court does not consider such alleged stress to be in the category of the "extreme deprivations . . . required to make out a conditions-of-confinement claim." See Hudson, 503 U.S. at 9. Accordingly, even if it did not appear from Plaintiff's complaint that he failed to exhaust his administrative remedies before submitting the complaint, it is due to be dismissed because it fails to state a claim for relief based on allegedly unconstitutional conditions of confinement.

## IV. Conclusion

For the foregoing reasons, this Court finds that Plaintiff's complaint fails to state a claim for relief, and it is hereby **DISMISSED**, pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS SO ORDERED** this _19_ day of _March_, 2007.

_____
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)